No. 01-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 37N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRADLEY BJARKO,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDC-96-260
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kelli S. Sather, Cascade County, Great Falls, Montana

For Respondent:

Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant
Montana Attorney General, Helena, Montana; Brant S. Light, Cascade
County Attorney, Susan Brooke, Deputy Cascade County Attorney,
Great Falls, Montana

Submitted on Briefs: January 3, 2002

Decided: March 6, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     In 1997, Bradley Bjarko pled guilty  before the Eighth Judicial District Court, Cascade County, to two counts of felony sexual assault.  On each count, he was sentenced to ten years in the custody of the Department of Corrections with five years suspended, the sentences to run concurrently.  Part of his suspended sentence was revoked in 1999 while he was still in prison, on grounds that he had not completed sexual offender treatment as ordered at sentencing. We affirmed that judgment.  *State v. Bjarko*, 2000 MT 387N, 303 Mont. 540, 18 P.3d 1033.  Here, Bjarko appeals from the District Court's April 16, 2001 order revoking the remaining suspended portion of his sentence after he violated conditions of parole, and committing him to the Department of Corrections for two years. We affirm.

¶3     The issues are whether the District Court erred in failing to designate Bjarko at risk level 2 to sexually re-offend and in failing to designate him a sexually violent predator.

¶4     When Bjarko was initially sentenced in 1997, the District Court did not assign him a sexual offender risk level designation because the statute requiring such designation did not become effective until later that year.  Section 46-23-509(5), MCA, provides that if the

2

sentencing judge did not apply a level designation to a sexual offender at the time of sentencing, the Department of Corrections shall designate the offender as a level 1, 2 or 3 risk to re-offend when the offender is released from confinement. Here, the Department designated Bjarko a level 3 risk to re-offend, statutorily defined as high risk of a repeat sexual offense, a threat to public safety, and the sexual offender evaluator believes the offender is a sexually violent predator. *See* § 46-23-509(2)(c), MCA.

¶5      Bjarko maintains he could not be found a risk level 3 offender based on the sexual offender evaluators' reports available to the District Court. The State responds, as a threshold matter, that Bjarko waived this claim because he failed to raise or preserve his contentions below. The State is incorrect.

¶6      Bjarko's counsel argued at the revocation sentencing hearing, that a level 2 designation ("risk of a repeat sexual offense is moderate") was appropriate and level 3 designation was not. At the end of that hearing, the court forestalled deciding the question, stating it would make a determination as to the risk level in its written sentence and judgment. In the subsequent written sentence and judgment, from which this appeal is taken, the court declined to change Bjarko's level 3 designation.

¶7      As to the merits of Bjarko's claim, nothing in § 46-23-509(3)(a), MCA, requires a sentencing court to mandatorily abide by the sexual offender evaluation report; rather, the court is directed to "review" the report. The District Court's sentencing order establishes that the court did so. Further, in declining to change Bjarko's designation, the District Court noted Bjarko told his probation officer he would not abide by the rules of probation and

3

immediately violated probation by absconding when he was released in August of 2000. Additionally, the court noted Bjarko, who has an extensive criminal history, is an untreated sex offender who failed to complete sex offender treatment at Montana State Prison due to his misbehavior there. The court also noted that in the psycho-sexual evaluation upon which Bjarko relies, the psychologist recommended the same sex offender treatment as originally ordered by the court, which Bjarko did not complete.

¶8    Bjarko argues that designating him a level 3 sex offender violates principles of statutory construction in that a level 3 offender is one in whom the risk of a repeat sexual offense is high, there is a threat to public safety, and the sexual offender evaluator believes that the offender is a sexually violent predator. Observing that the first two of these indicators are at least suggested in the court's sentencing order, we note that, contrary to Bjarko's suggestion, the statute includes no requirement that the court make specific findings on the three level 3 indicators.

¶9    We conclude Bjarko has established no error in the District Court's designation of him as a level 3 sex offender.

¶10    Finally, Bjarko points out that the District Court failed to designate him as a sexually violent predator as required for level 3 offenders under § 46-23-509(3)(c), MCA. The State concedes that Bjarko is correct, but points out that this failure does not prejudice Bjarko-- rather, it may operate to his benefit. "A cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the

4

error was prejudicial."  Section 46-20-701(1), MCA.  We conclude the court's failure to designate Bjarko as a sexually violent predator is not grounds for reversal.

¶11     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART